## Republic Manufacturing Company et al., Appellees, v. J. W. Strackbein et al., On Appeal of J. W. Strackbein, Appellant.

### Gen. No. 15,816.

MECHANIC'S LIENS—*when performance of contract to be completed.* Where no time is fixed in a contract for performance the law will imply that it is to be performed within a reasonable time.

Appeal from the Superior Court of Cook county; the HON. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911. Rehearing denied October 17, 1911.

MICHAEL D. DOLAN, for appellant.

DUNN & HAYES, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court.
The appellees, Werdell & Thumm, are intervening petitioners in a suit for a mechanic's lien filed against the appellants, the appellees being the contractors for the plumbing, heating, draining and gas fitting in an apartment house constructed by the appellants.

The court below approved the report of the master in chancery, fixing the lien of appellees at $885.22, and entered a decree thereon.

The points raised by the assignments of error reduce themselves to one, namely, that the master's report and the decree entered thereon are against the weight of the evidence. The principal contention is that there should have been some amount awarded to the appellants for damages occasioned by delay in construction. The contract did not fix any time for the completion of the work. The appellants invoke the well-known principle that where no time is fixed in the contract for performance the law will imply that it is to be performed within a reasonable time, and we agree that such is the law.

The master in chancery and the chancellor, who seem to have considered the evidence with care, reached the conclusion that the proof did not show unreasonable delay on the part of appellees, at least that the delay in the construction of the building was not shown to have been wholly due to the appellees, and further that there was no evidence from which the damage to appellants by reason of delay in the construction could be ascertained. We have carefully read the testimony as it appears in the abstract and we agree with them in this conclusion. It is true that there was exasperating and what would seem to be unnecessary delay in the construction of the building, but appellees were not the only contractors. There is testimony in the record tending to show that the appellees were delayed by the carpenter contractors and that changes were made in the specifications by the architects, at least one of which was suggested by appellants, and that these changes caused delay. The architects issued a final certificate to the appellees without making any deduction because of delay, and the superintending architect testified to the effect that while there was delay it was not of such a character as could be properly chargeable to any one of the contractors. The architects were by

the contract made umpires as between the parties, and their attitude in this matter undoubtedly influenced the master and the chancellor, as we think it properly should have done.

The appellants further insist that too large an amount was awarded for "extras." The master in chancery deducted about $90 from the amount allowed by the architects for these extras, and his finding was approved by the chancellor. We agree that this deduction was all to which the appellants were entitled. The decree is affirmed.

*Affirmed.*